UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DANIEL H. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-457-HSM-HBG |
| | ) | |
| JAMES F. GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**. As Plaintiff is incarcerated in the Turney Center Industrial Complex ("Turney Center"), he will be **ASSESSED** the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty

percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Warden of the Turney Center and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with the Prisoner Litigation Reform Act ("PLRA") with regard to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum opinion and accompanying order to the Court's financial deputy.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

### III. ANALYSIS

In his complaint, Plaintiff seeks to challenge Defendant Judge Goodwin's determination that Plaintiff's civil lawsuit alleging that his conviction(s) violated double jeopardy and that his sentence was improper was inappropriate [Doc. 2 p. 3]. Plaintiff therefore requests that this Court require Defendant Judge Goodwin and the Tennessee Court of Appeals to review his claims, as well as monetary and other damages [Id. at 5–6].

Federal courts, however, have no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Further, as nothing in the complaint suggests that Defendant Judge Goodwin lacked jurisdiction or that the acts set forth in the complaint were not judicial acts, Defendant Judge Goodwin is entitled to judicial immunity for any constitutional violation alleged in the complaint. *See King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985) (holding that judges are entitled to absolute judicial immunity from suits for money damages, including § 1983 civil suits, for all actions taken in the judge's judicial capacity, unless the actions are taken in the complete absence of any jurisdiction or the act complained of is not a "judicial act").

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. Even liberally construing the complaint in favor of Plaintiff, however, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE